SO ORDERED,

*[signature]*

Judge Katharine Samson
United States Bankruptcy Judge
Date Signed: May 21, 2014

The Order of the Court is set forth below. The docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: DAN   & TONYA JONES,          CASE NO. 14-50381-KMS
DEBTOR(s)

## ORDER CONFIRMING THE DEBTOR'S PLAN, AWARDING A FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. § 341 at which the debtor[1] appeared in person, or whose appearance was waived by order of this Court, to be examined by creditors and other interested parties, notice and an opportunity for objection to confirmation of the plan was provided to all interested parties. Any and all objections to confirmation of the debtor's plan have been resolved by prior order of this Court. The trustee having now recommended that the debtor's plan be confirmed pursuant to 11 U.S.C. § 1325, and the Court having considered this matter, does hereby find that:

    A.    Written notice of the meeting of creditors held pursuant to 11 U.S.C. § 341 and of the hearing on the confirmation of the plan was given as required by Rule 2002 of the Federal Rules of Bankruptcy Procedure[2];

    B.    The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title[3];

    C.    Any fee, charges, or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;

    D.    The petition has been filed in good faith and not by any means forbidden by law;

    E.    The value, as of effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid

---

[1] The debtor is hereinafter referred to in the masculine singular, even though this may be a joint case or if the debtor is female.

[2] All references to "Rule" or "Rules" shall be interpreted as referring to the Federal Rules of Bankruptcy Procedure unless the context indicates otherwise.

[3] All references herein to "Section" or "Sections" shall refer to those sections contained in Title 11 of the United States Code.

on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

  F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by Section 1325(a)(5);

  G. The plan attached to this order has been proposed in good faith.

  H. Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

  I. Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308.

  J. If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with Section 1325(b);

IT IS ORDERED THAT:

1. The debtor's plan is confirmed.
2. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee may order as contemplated by Section 542(b) or request the Court to order pursuant to Section 1325(c) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.
3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be disallowable to the creditor [Section 1305(c)], and the debt to be non-dischargeable as to the debtor [Section 1328(d)].
4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.
5. The trustee shall:
    a. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements pursuant to Section 1302(b)(1); and
    b. Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties, or deposits in the manner prescribed by Section 345.
6. Pursuant to Section 1326, payments shall be in the following order unless otherwise directed:
    a. Any unpaid claim of the kind specified in Section 507(a)(2);
    b. The percentage fee fixed for the trustee pursuant to Section 1302(a) or Section 586(e)(1)(B), if applicable;
    c. Any compensation due to a chapter 7 trustee pursuant to Section 1326(b)(3);
    d. Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.

7. The trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by Section 704(a)(5) and any applicable local rule.

8. The trustee shall at least once each year provide debtor and debtor's counsel a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements.

9. Ninety days after the final distribution, the trustee shall stop payment of all checks that remain outstanding and unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 [Section 347 and Rule 3001].

ALLOWANCE OF ATTORNEY'S FEES

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by Section 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is **$2,800.00**, of which **$819.00** was paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee (**$1,981.00**) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

##END OF ORDER##

Approved:

_____
**Jason Graeber, Esquire**
Attorney for the Debtor, MS Bar No. 101267
2462 Pass Road
Biloxi, MS 39531
Email: Jason@jasongraeberlaw.com

Submitted by:

_____
Warren A. Cuntz, Jr.
Chapter 13 Trustee
P.O. Box 3749
Gulfport, MS 39505-3749
Email: wacuntzcourt@cableone.net

Rev. 12/2013

# CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF MISSISSIPPI

Debtor: Dan M. Jones, Jr.  SSN: xxx-xx-2490  CASE NO:_____
Joint Debtor: Tonya C. Jones  SSN: xxx-xx-6067  Median Income: ☐Above ☒ Below
Address: 1400 37th Ave.
         Gulfport, MS 39501

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed. <u>The treatment of ALL secured and priority debts must be provided for in this plan.</u>**

## PAYMENT AND LENGTH OF PLAN
The plan period shall be for a period of __60__ months, not to be less than 36 months for below median income debtor(s), or less than 60 months for above median income debtor(s).
\*\*

(A) Debtor shall pay $ __558.00__ (☒monthly, ☐semi-monthly, ☐weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:

    Roy Anderson  \*\*Payment may increase
    POB 2  at the time of scheduling
    Gulfport, MS 39502  claims.

(B) Joint Debtor shall pay $_____ (☐monthly, ☐semi-monthly, ☐weekly, or ☐bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:

## PRIORITY CREDITORS.
Filed claims which are not disallowed are to be paid in full or as ordered by the Court as follows:
Internal Revenue Service: $_____ at $_____/month
MS Dept. of Revenue: $_____ at $_____/month
Other/_____ $_____ at $_____/month

**DOMESTIC SUPPORT OBLIGATION. DUE TO:** _____

POST PETITION OBLIGATION: In the amount of $_____ per month beginning _____
To be paid ☐direct, ☐through payroll deduction, or ☐through the plan.

PRE-PETITION ARREARAGE: In the amount of $_____ through _____ which shall
Be paid in the amount of $_____ per month beginning _____.
To be paid ☐direct, ☐through payroll deduction, or ☐through the plan.

Debtor's Initials _DMJ_  Joint Debtor's Initials _CJ_  Chapter 13 Plan, Page _1_ of _3_

**HOME MORTGAGES.** All claims secured by real property which are to be paid through the plan shall be schedules below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed herein, subject to the start date for the continuing monthly mortgage payment proposed herein.

Mtg pmts to  US SBA        Beginning  April 2014    @ $ 412.00     ☐ Plan ☒ Direct  Order Dk.22
Mtg pmts to _____ Beginning _____ @ $_____  ☐ Plan ☐ Direct
Mtg pmts to _____ Beginning _____ @ $_____  ☐ Plan ☐ Direct

Mtg arrears to _____ through _____ $_____ @ $_____/mo
Mtg arrears to _____ through _____ $_____ @ $_____/mo
Mtg arrears to _____ through _____ $_____ @ $_____/mo

**MORTGAGE CLAIMS TO BE PAID IN FULL OVER PLAN TERM:**

Creditor:  Ocwen Mortgage         Approx. amt. due:  Per Claim      Int. Rate:  Per Claim   Order Dk.22
Property Address: 1400 37th Ave., Gulfport, MS  39501    Are related taxes and/or insurance escrowed ☐ Yes ☒ No

**NON-MORTGAGE SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) pursuant to 11 U.S.C. § 1325(a)(5)(B)(I) until the payment of the debt determined as under non-bankruptcy law or discharge. Such creditors shall be paid as secured claimants the sum set out below or pursuant to other order of the Court. The portion of the claim not paid as secured shall be treated as a general unsecured claim.

| CREDITOR'S NAME | COLLATERAL | 910* CLM | APPROX. AMT. OWED | VALUE | INT. RATE | PAY VALUE AMT. OWED | |
|---|---|---|---|---|---|---|---|
| GCCFCU | ***07 Chevy Tahoe | No | 14,570.81 | 27,285.00 | 7% | AMT OWED+7% | Order Dk.22 |
| Coastal Credit | 01 Saturn L20 | No | 1,680.00 | 2,000.00 | 7% | AMT OWED+7% | Order Dk.22 |
| Belmont Finance LLC | Kirby | No | 1,375.15 | 1,000.00 | 7% | AMT OWED+7% | Order Dk.22 |

\*** and 1995 Chevrolet C1500

*The column for "910 Clm" applies to both motor vehicles and "any other thing of value" as used in the "hanging paragraph of 11 U.S.C. § 1325

**SPECIAL CLAIMANTS** including, but not limited to, co-signed debts, abandonment of collateral, direct payments by Debtor, etc. For all abandoned collateral Debtor will pay $0.00 on the second portion of the debt. Where the proposal is for payment, creditor must file a proof of claim to receive proposed payment.

CREDITOR'S NAME   COLLATERAL   APPROX. AMT. OWED   PROPOSED TREATMENT

Debtor's Initials _DM TT_   Joint Debtor's Initials _____   Chapter 13 Plan, Page 2 of 3

Case 14-50381-KMS   Doc 6   Filed 03/07/14   Entered 03/07/14 11:25:28   Desc Main
Document   Page 3 of 3

**STUDENT LOANS** which are not subject to discharge pursuant to 11 U.S.C. § 523(a)(8) and 1328(c) are as follows (such debts shall not be included in the general unsecured total):

| CREDITOR'S NAME | APPROX AMT OWED | CONTRACTUAL MO PMT | PROPOSED TREATMENT |
|---|---|---|---|
| Fed Loan Servicing | Per Claim | | Treat as general unsecured |

**SPECIAL PROVISIONS** which may apply to any or all payments to be paid through the plan, including, but not limited to, adequate protection payments:

**GENERAL UNSECURED CLAIMS** total approximately $ __31,872.00__ . Such claims must be *timely filed* and not disallowed to receive payment as follows: ____ IN FULL (100%), __0__ % (percent) MINIMUM, or a total distribution of $_____, with the Trustee to determine the percentage distribution. *Those general unsecured claims not timely filed shall be paid nothing, absent order of the Court.*

Total attorney fee charged:      $ 2,800.00
Attorney fee previously paid:    $ 819.00
Attorney fee to be paid in plan: $ 1,981.00

The payment of administrative costs and aforementioned attorney fees are paid pursuant to Court order and/or local rules.

Automobile Insurance Co/Agent

Telephone/Fax: _____

Attorney for Debtor (name/address/phone/email)
Jason Graeber
2462 Pass Rd.
Biloxi, MS 39531

Telephone No: 228-207-7117
Facsimile No: 228-207-8634
Email address: jason@jasongraeberlaw.com

DATED: 3/7/2014    DEBTOR'S SIGNATURE /s/ Dan M. Jones, Jr.
JOINT DEBTOR'S SIGNATURE /s/ Tonya C. Jones
ATTORNEY'S SIGNATURE /s/ Jason Graeber

Debtor's Initials _DMJ_   Joint Debtor's Initials _TJ_   Chapter 13 Plan, Page _3_ of _3_